UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CARTER, | Case No. 2:22-cv-12750 |
| *Plaintiff,* | Sean F. Cox<br>United States District Judge |
| v. | |
| | Patricia T. Morris |
| JASON QUAINTON,<br>BRIAN ENRICI, TIMOTHY S.<br>FLANAGAN, and SONIA<br>WARCHOCK, | United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND (ECF Nos. 20, 21)**

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion to Amend Complaint, (ECF No. 21), be **DENIED .**

**II. REPORT**

    **A. Background**

On November 14, 2022, Plaintiff Robert Carter ("Plaintiff"), former MDOC inmate, commenced this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Jason Quainton, Brian Enrici, Timothy S. Flanagan, and Sonia Warchock (the "Defendants"). (ECF No. 1). The complaint alleges First and

1

Fourteenth Amendment violations, and state conspiracy, negligence, and intentional infliction of emotional distress claims caused by actions committed by the Defendants against Plaintiff while he was housed at Parnall Correctional Facility ("PCF"). (*See id.*).

Carter's claims originate out of the retaliation he experienced from prison officials from May 2020 to August 2022. (*See id.*). The retaliation was carried out in a variety of methods including repeated statements accusing him of being a gang member, cell searches, written Class II/III misconduct slips, withholding of pertinent information regarding the issues set to be raised during his parole hearings, parole denials, and requirements to participate in violence programs. (*See id.*). Carter argues the reason why Defendants retaliated against him is because he threatened to (i) file a grievance against Defendant Enrici for labeling him a gang member and spreading rumors around the facility to that effect, and (ii) file a lawsuit on the individuals who said he was a gang member as these false allegations had a negative effect on his record. (*See id.* at PageID.4–6, 8, 9, 11, 13).

On January 4, 2023, the Court stayed the case and referred it to the *Pro Se* Prisoner Early Mediation Program. (ECF No. 5). The mediation was held on March 30, 2023 but was ultimately unsuccessful. Subsequently, the stay was lifted. (ECF No. 9). On July 18, 2023, the Court adopted a report and recommendation suggesting the dismissal of Plaintiff's Fourteenth Amendment Equal Protection

2

claim (Fourth Cause of Action) and Intentional Infliction of Emotional Distress state claim (Sixth Cause of Action). (ECF Nos. 11, 19). On August 2, 2023, Plaintiff filed the instant motion to amend along with the proposed amended complaint. (ECF Nos. 20, 21).

### B. Legal Standard

Plaintiff's motion for leave to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that a party may amend their complaint pursuant to the following:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020). Under this Rule, generally, a party may amend its pleading once as a matter of course, but in all other cases it may amend a pleading only by consent of the opposing party or with leave of the court.

*Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 376 (6th Cir. 2009).

A court has discretion in whether to permit a plaintiff to amend their complaint. *Berry*, 2020 WL 3485577, at *4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973)). In its discretion to allow an amendment, a court considers factors such as undue delay, repeated failure to cure deficiencies by amendments previously permitted, bad faith or dilatory motive, futility of an amended pleading, and undue prejudice to the opposing party. *Berry*, 2020 WL 3485577, at *4 (citing *Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006)). However, "delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Pub. Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985) (internal quotation omitted); *see Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).

Here, because the deadline by which Plaintiff could file an amended complaint as a matter of course pursuant to Rule 15(a)(1) has passed and Plaintiff has not obtained consent from Defendants, this amendment is at the discretion of the Court.

**C. Analysis**

Plaintiff's proposed amended complaint (ECF No. 20) in large part is substantively identical to the original complaint (ECF No. 1). Throughout the amended complaint Plaintiff makes minor additions to his allegations (*see, e.g.*, ECF

No. 20, PageID.81 (including the phrase "conspiring to retaliate and discriminate")), expounds certain factual allegations (*see, e.g.*, *id.* at PageID.91 ¶¶ 46, 49, 50), and makes a few spelling corrections. The only substantive edits which attempt to remedy the flaws contained in his original complaint regarding his Fourteenth Amendment Equal Protection claim (Fourth Cause of Action) and Intentional Infliction of Emotional Distress state claim (Sixth Cause of Action) are included in paragraphs 85–90. (*Id.* at PageID.97).

### i. Plaintiff's Amended Complaint Still Fails to State a Claim Upon Which Relief May Be Granted for His Fourteenth Amendment Class-of-One Equal Protection Cause of Action

Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575 587–88 (6th Cir. 2004). Importantly, in "class-of-one" claims, the plaintiff does not allege membership in a class or group but instead "alleged that [he] has been intentionally treated differently from others similarly situated [to him] and that there is no rational basis for the difference in treatment." *See id.*; *see also Anthony v. Weidman*, No. 07-CV-10467, 2007 WL 2080303, at *1 (E.D. Mich. July 18, 2017).

Plaintiff includes the new paragraphs, outlined below, in an attempt to address the flaws contained in his Fourteenth Amendment Equal Protection claim as discussed in the Court's June 14, 2023 Report and Recommendation:

> 85. Defendant's Flanagan and Warchock conspired with prison officials to intentionally discriminate against Plaintiff by refusing to provide him with notice of the allegations prior to the interview or during the interview, but **afforded other prisoners similarly situated to fair notice**.
>
> 86. Other **similarly situated prisoners were provided fair notice** of any and all allegations to be considered during the parole board interview.
>
> 87. Michigan Statutes and Policies **do not permit parole board members to not provide fair notice** to prisoners prior or during the parole board interviews, for granting or denying parole.
>
> *   *   *   *   *
> Third Cause of Action
>
> 94. Defendants' Quainton, Enrici, Flanagan, and Warchock's actions violated Federal law, **by their intentional discrimination (class-of-one) towards Plaintiff over other similarly situated prisoners,** as set forth in this complaint.

(*Id.*) (emphasis added). The proposed amended complaint demonstrates Plaintiff's effort to remedy the issues in the operative complaint but, unfortunately, misses the mark.

Plaintiff's equal protection class-of-one claim now turns on the allegation the "Defendants' Quainton, Enrici, Flanagan, and Warchock's actions violated Federal

6

law, by their intentional discrimination (class-of-one) towards Plaintiff over other similarly situated prisoners, as set forth in this complaint." And all factual allegations in his proposed amended complaint bolstering this claim are now associated with a purported lack of notice.[1] (*Id.* at PageID.97 ¶¶ 85–87). The main information which Plaintiff argues he was not provided notice of, prior to the parole hearing, are those involving his alleged gang affiliation. (ECF No. 20, PageID.88). But again the complaint is void of any allegation that there are other inmates who (i) Defendant Enrici untruthfully alleged to be gang members, which would make them "similarly situated" to Plaintiff, but (ii) did not receive notice of the inclusion of such untruthful allegations in their files prior to their parole hearing. Plaintiff's attempts to rely upon the allegations associated with his Fourteenth Amendment Due Process claim to support the Equal Protection claim is improper as the facts do not support the existence of a "similarly situated" individual to support the latter claim. Take note, in many instances a single set of facts may give rise to two or more causes of action. *Fornarotto v. American Waterworks Co., Inc.*, 144 F.3d 276, 279 (3d Cir. 1998); *Essex Ins. Co. v. John Doe*, 511 F.3d 198, 200 (D.C. 2008). But this is not one of those instances.

---

[1] Plaintiff's original complaint included allegations involving a lack of fair notice which he married to his Fourteenth Amendment Due Process claim. (ECF No. 1, PageID.14).

Thus, the allegations contained in the proposed amended complaint are insufficient to support Plaintiff's claim that he was treated differently from similarly situated individuals. *Akrawi v. Michigan Parole Bd.*, No. 12-cv-13977, 2012 WL 4476633, at *2 (E.D. Mich. Sept. 28, 2012) (finding plaintiff failed to "allege any facts to establish whether he received disparate treatment at the hands of the parole board as compared to similarly situated prisoners"); *Holden v. Perkins*, 389 F. Supp. 3d 16, 25 (E.D. La. 2019) (plaintiff provided no facts to support her conclusion that others received notice and hearing and "[t]hus, failed to plausibly state that she was treated differently from others similarly situated").[2]  Based on my review of the newly included allegations, I suggest that the proposed amended claim would be futile.

### ii. Plaintiff's Amended Complaint Still Fails to State a Claim Upon Which Relief May Be Granted for His Intentional Infliction of Emotional Distress Cause of Action

To establish an Intentional Infliction of Emotional Distress ("IIED") claim under Michigan law, a plaintiff must allege the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Ahmed v. Waterman S.S. Corp.,* 382 F. Supp. 2d 923, 927 (E.D.

---

[2] Plaintiff again fails to indicate in his complaint that there was no rational basis for the Defendants' actions. This flaw alone is sufficient to find that Plaintiff's complaint fails to allege a Fourteenth Amendment Class-of-One Equal Protection claim. *See Olech*, 528 U.S. at 564.

Mich. Aug. 10, 2005) (collecting cases): *Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 577 (2004) (quotation marks and citations omitted).

Plaintiff includes the new paragraphs, outlined below, in an attempt to address the flaws contained in his IIED claim as discussed in the Court's June 14, 2023 Report and Recommendation:

> 88. Due to Defendants' unlawful conduct, Plaintiff suffered extreme anxiety, depression and sleepless nights, which caused him to seek medical treatment from the prison Psychologist.
>
> 89. Plaintiff had to be prescribed an increase in medications for his mental disabilities of manic depression and anxiety.
>
> 90. Defendants' actions further exhibited extreme and outrageous conduct, by intentionally presenting false information to the parole board and refusing to provide Plaintiff fair adequate notice.

(ECF No. 20, PageID.97 ¶¶ 88–90). While Plaintiff's inclusion of paragraph 90 is significant, it is not sufficient to satisfy the "extreme and outrageous conduct" element of an IIED claim. Simply stating the element of a claim in a complaint does not satisfy a party's burden to prove it exists. *Alston v. New York City Transit Auth.*, 1999 WL 540442, at *7 (S.D.N.Y. July 26, 1999). In essence, using the words "extreme and outrageous conduct" does not turn Defendants' actions into being "extreme and outrageous." Thus, the same ailments present in Plaintiff's original

complaint as to this claim exist in his proposed amended complaint. I suggest that the proposed amended claim would be futile.

### D. Conclusion

For the reasons set forth above, **I RECOMMEND DENYING** Plaintiff's Motion to Amend Complaint (ECF No. 21).

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: November 7, 2023                         s/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge