UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARTER,

    *Plaintiff,*

v.

JASON QUAINTON,
BRIAN ENRICI, TIMOTHY S.
FLANAGAN, and SONIA
WARCHOCK,

    *Defendants.*

Case No. 2:22-cv-12750

Sean F. Cox
United States District Judge

Patricia T. Morris
United States Magistrate Judge

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT FLANAGAN AND WARCHOCK'S
MOTION TO DISMISS (ECF No. 23)**

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion to Dismiss Based on Absolute Immunity (ECF No. 23) be **GRANTED** and Defendants Flanagan and Warchock be **DISMISSED** from the action.

## II. REPORT

### A. Background

On November 14, 2022, Plaintiff Robert Carter, former MDOC inmate, commenced this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against

1

Defendants Jason Quainton, Brian Enrici, Timothy S. Flanagan, and Sonia Warchock. (ECF No. 1). The complaint alleges First and Fourteenth Amendment violations, and state conspiracy, negligence, and intentional infliction of emotional distress claims caused by actions committed by the aforementioned individuals against Plaintiff while he was housed at Parnall Correctional Facility ("PCF").[1] (*See id.*). On August 15, 2023, Defendants Flanagan and Warchock[2] ("Parole Board Defendants") filed a motion to dismiss based on an absolute immunity defense. Thus, this Report and Recommendation will focus on the allegations raised against the Parole Board Defendants.

Carter's remaining claims against the Parole Board Defendants include First Amendment and Fourteenth Amendment Due Process constitutional right violations, and state conspiracy and negligence claims. Specifically, Carter alleges Defendant Flanagan, relying upon false information provided by Defendant Quainton regarding Carter's involvement in a gang, denied him parole in both September 2020 and 2021, and recommended he participate in a violence prevention program ("VPP"). (ECF

---

[1] The Court dismissed Carter's Fourteenth Amendment Class-of-One Equal Protection and Intentional Infliction of Emotional Distress claims ("Dismissed Claims"). (ECF No. 19). Carter then filed a Motion to Amend the complaint on July 6, 2023 in an attempt to remedy and address the ailments of the Dismissed Claims. (ECF No.21). At the time the Parole Board Defendants filed their motion to dismiss Plaintiff's motion to amend was still pending. As such, and appropriately so, the Parole Defendants' motion does not address Plaintiff's Dismissed claims.

[2] Plaintiff's Complaint identifies both Defendants Flanagan and Warchock as parole board members. (ECF No. 1, PageID.3–4).

2

No. 1, PageID.5–7, 11–13 ¶¶ 22–28, 32–33, 44, 67, 70–72, 78–79). He also states he did not receive prior notice of the allegations regarding his gang involvement before being interviewed by the parole board. (*Id.* at PageID.7 ¶ 43, 82). And Carter lodges only one allegation against Defendant Warchock: improperly ordering Carter to participate in a VPP based on false gang affiliation allegations. (*Id.* at PageID.7 ¶ 44).

### B. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allaim*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering where a complaint states a claim, "[t]he courts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result

4

of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id.* at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

### C. Analysis

#### i. Immunity of the Parole Board Defendants

The Parole Board Defendants argue they should be dismissed from the action as they are entitled to absolute immunity. (ECF No. 23, PageID.116, 118). Carter counters that his complaint is not challenging the "parole board's decision to grant or deny him parole." (ECF No. 30, PageID.171). Instead the facts regarding the denial of parole were included "merely to show that it was [a] reasonably foreseeable result, based on the defendant's conspiring to retaliate with other prison officials by feeding false information to the parole board." (*Id.*).

Members of a parole board, when performing their duties regarding the granting or denial of parole, are entitled to absolute immunity from both claims for damages and injunctive relief. *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir.

2001); *Ward v. Moss*, 42 F.3d 1390 (6th Cir. 1994); *Benner v. Michigan Parole Bd.*, No. 1:07-CV-569, 2008 WL 724778, at *1 (W.D. Mich. Mar. 17, 2008); *Michigan Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) ("[P]arole board officials, like judges, are entitled to absolute immunity from suits for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." (citing *Anton v. Gerry*, 78 F.3d 393, 396 (8th Cir. 1996))); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). As Carter admits that Defendants Flanagan and Warchock are members of the parole board, and in said quasi-judicial capacity, issued a decision denying him parole and recommending he participate in a VPP, they are entitled to absolute immunity.

Even if the Parole Board Defendants relied on false information when making their decision, it is still proper to grant the Parole Board Defendants' motion as Carter does not have a liberty interest in being paroled and thus does not have a claim against them. *See Brenner*, 2008 WL 724778, at *1 (citing *Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. Jan. 10, 2006) ("Michigan law . . . does not create a liberty interest in the granting of parole . . . . Therefore, even if the Parole Board relied on inaccurate information to . . . deny parole, it did not violate any liberty interest protected by the United State Constitution." (citations omitted)).

Thus, it is appropriate for the Court to dismiss Carter's complaint as to Defendants Flanagan and Warchock as (i) the Parole Board Defendants are entitled to absolute immunity, and (ii) Carter does not state a cognizable claim. *Id.*

In an attempt to bypass dismissal, based on the well-established and developed absolute immunity defense, Carter argues that his complaint focused on the Parole Board Defendants' involvement in a conspiracy, not the denial of parole and recommendation to participate in a VPP. (ECF No. 30, PageID.171). For the sake of completeness, I will take a moment to address Carter's counter.

### ii. Plaintiff's Allegations Against the Parole Board Defendants Do Not State a Viable and Sustainable Conspiracy Cause of Action

A conspiracy under § 1983 is an "agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To establish a conspiracy, a plaintiff "must show that (1) a 'single plan' existed, (2) [the defendants] 'shared in the general conspiratorial objective' to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused injury' to [the plaintiff]." *Id.* (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). Further, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory

7

allegations unsupported by material facts will not be sufficient to state a claim under § 1983." *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 842 (N.D. Ohio 2009).

Despite Carter's representations neither his complaint nor his response to the Parole Board Defendants' motion include specific details as to how they were involved in an alleged conspiracy with the other defendants. The allegation raised by Carter only alleges that Defendant Flanagan received information regarding Carter's alleged gang affiliation and issued a decision to deny him parole and recommend he participate in a VPP. (ECF No. 1, PageID.5–7,11–13 ¶¶ 22–28, 32–33, 44, 67, 70–72, 78–79; ECF No. 23, PageID.171). The allegation raised against Defendant Warchock is even more tenuous as Carter only alleges that Defendant Warchock improperly ordered him to participate in a VPP based on the false gang affiliation allegations. (ECF No. 1, PageID.7 ¶ 44). Nothing more. Statements of this ilk alone are insufficient to support a conspiracy claim. *Horen*, 594 F. Supp. 2d at 842. Thus, the complaint is void of any allegations of a conspiracy between the Parole Board Defendants and the remaining defendants. Thus, if the only true claim Carter has against the Parole Board Defendants is that of conspiracy, he in fact has no claim at all.

### D. Conclusion

For the reasons set forth above, **I RECOMMEND GRANTING** Defendant Flanagan and Warchock's Motion to Dismiss (ECF No. 23), and **DISMISSING** Defendants Flanagan and Warchock from the action.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: November 8, 2023                              s/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge