UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CARTER, | CASE No. 2:22-cv-12750 |
|     *Plaintiff*, | Susan K. DeClerq |
| v. | United States District Judge |
| JASON QUAINTON, | Patricia T. Morris |
|   and BRIAN ENRICI, | United States Magistrate Judge |
|     *Defendants*. | |
| _____/ | |

### ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 38) AND MOTION TO COMPEL DISCOVERY (ECF No. 39)

**I.     Background**

This is a prisoner civil rights action under 42 U.S.C. § 1983. In November 2022, Joseph Carter, a former prisoner of the Michigan Department of Corrections, filed a complaint alleging that prison officials violated his rights under various state and federal laws. (ECF No. 1). Each defendant answered Carter's complaint on August 15, 2023, and the following January, the Undersigned entered a scheduling order requiring the parties to complete discovery by May 24, 2024, and to file dispositive motions by June 21, 2024. (ECF No. 24; ECF No. 37, PageID.211–12).

In July 2023, Carter filed with the Court a set of discovery requests addressed to each Defendant. (ECF No. 17). Relevant here, Carter sought a "video" or "audio" recording of his parole board hearing in September 2021 and the "names of all prisoners

1

interviewed by the parole board" during that hearing. (ECF No. 17, PageID.74–75). Carter did not "request" any "relief from the Court." (ECF No. 32, PageID.182).

The Court entered an Order explaining that because Carter did not request an order compelling the defendants to provide discovery materials, or any other action from the Court, he had not filed a "motion" that could be granted or denied. (*See id.* at PageID.182–83). Because "discovery requests and responses are only exchanged between the parties," the Court explained, "parties are not required to submit or file discovery requests or responses to the Court unless they are seeking relief from the Court." (*Id.* at PageID.183).

Before the Court entered that Order, however, Carter had mailed his discovery requests to the Defendants. (ECF No. 39, PageID.220; ECF No. 41-2, PageID.233). The Defendants responded to his requests in September 2023. (ECF No. 41-3, PageID.236). Yet Carter waited until April 30, 2024—just under a month before the discovery deadline—to file a motion to compel, asserting that the defendants did not adequately respond to his discovery requests. (ECF No. 39, PageID.222). In particular, Carter asserts that the Defendants did not supply a video or audio recording of his parole hearing. (*Id.* at PageID.220–21). Nor did they identify the inmates who attended his hearing. (*Id.* at PageID.221). Although Carter had already filed his discovery requests (ECF No. 17), he neither described nor recited the Defendants responses or objections to his requests. (ECF No. 39).

2

On the same day that Carter filed his motion to compel, he contemporaneously moved the Court to appoint pro bono counsel on his behalf. (ECF No. 38). Both motions are currently pending.

## II. Analysis

### A. Motion to Compel

Under this District's local rules, all discovery motions must include "a verbatim recitation of each interrogatory, request, answer, response, [or] objection" at issue. E.D. Mich. LR 37.2. Without the "exact language" of the requests, responses, and objections at issue, the Court cannot determine whether an order compelling discovery is warranted. *Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 6523645, at *3 (E.D. Mich. Dec. 21, 2017). Thus, discovery motions that violate this Rule must be dismissed without prejudice. *Id.*; *see also Anderson v. Furst*, No. 17-12676, 2018 WL 4407750, at *1–2 (E.D. Mich. Sept. 17, 2018); *Cowan v. Miller*, No. 2:15-cv-12428, 2016 WL 6030082, at *1 (E.D. Mich. Oct. 14, 2016).

While Carter provides a copy of the discovery requests at issue (ECF No. 17), he does not supply a "verbatim recitation" of the responses he believes to be deficient. (ECF No. 39). As a result, the Court can neither verify that Carter did not receive his requested discovery materials, nor can it assess whether those materials fall within the scope of discovery. *See generally* Fed. R. Civ. P. 26(b)(1). For that reason, Carter's Motion to Compel (ECF No. 39) is **DENIED WITHOUT PREJUDICE**. Carter may file a renewed motion that complies with Local Rule 37.2.

### B.     Motion to Appoint Counsel

Carter's motion for the Court to appoint counsel will also be denied. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

These factors weigh against the appointment of counsel at this time. This case is still in its early stages, as discovery remains ongoing and no party has yet moved for summary judgment. (ECF No. 37, PageID.211–12). Further, the Court does not find the factual or legal issues to be complex, and Carter's complaint and subsequent filings demonstrate that he can clearly state his claims and articulate his motions. (*See, e.g.*, ECF Nos 1, 15, 21, 30). If Carter can demonstrate a change in circumstances that would necessitate the assistance of counsel, he may resubmit his request.

Accordingly, **IT IS ORDERED** that Carter's Motion for Appointment of Counsel (ECF No. 38) is **DENIED WITHOUT PREJUDICE**.

Date: May 15, 2024                                S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge