UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CARTER, | Case No. 2:22-cv-12750 |
| *Plaintiff,* | Susan K. DeClercq<br>United States District Judge |
| v. | |
| JASON QUAINTON and<br>BRIAN ENRICI, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.*[1] | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 43) AND PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 45)**

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED that the motion to dismiss (ECF No. 43) be DENIED and that Plaintiff's motion to compel (ECF No. 45) be denied for the same reasons outlined in Defendants' response (ECF No. 46) and this Court's previous order, i.e., ECF No. 42. (ECF No. 45.)**

## II. REPORT

### A. Background

---

[1] Other Defendants were dismissed from this case on December 13, 2023. (ECF No. 36).

1

On November 14, 2022, Plaintiff Robert Carter, former MDOC inmate, commenced this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Jason Quainton, Brian Enrici, Timothy S. Flanagan, and Sonia Warchock. (ECF No. 1). The remaining claims lodged in the complaint are for First Amendment retaliation, Fourteenth Amendment due process, and negligence claims caused based on allegations that the Defendants provided the parole board with false information about his alleged gang involvement that prevented him from being paroled. (*See id.*).

Defendants' motion to dismiss seeks dismissal based on Plaintiff's failure to appear for a deposition despite multiple attempts at coordinating a date, time, and location. (ECF No. 43.) Plaintiff filed a renewed motion to compel discovery on May 30, 2024, seeking identification of the inmates interviewed by the parole board and interview video/audio recordings. (ECF No. 45.) Plaintiff also filed a response to the motion to dismiss on June 18, 2024. (ECF No. 47), and Defendants filed a timely reply. (ECF No. 48.)

In his response, Plaintiff contends that he is willing to participate but initially wanted legal representation and then indicated that he preferred a written deposition or a zoom deposition "due to my learning disability" and that he is "willing to pay the expense incurred for the prior deposition" that he did not attend. (ECF No. 47, PageID.304.) Plaintiff added that he "currently also obtained the ability to set up

2

remote zoom video for any future scheduling of depositions" because "zoom communication would be feasible" considering his "physical disabilities and difficulty in securing transportation."(ECF No. 47, PageID.304-05.)

Defendants reply that they have some concern that someone else, namely Mu'eem Rashad a/k/a Virgil Ray Green, is not only preparing documents but "formulating [Plaintiff's] responses" when Plaintiff should be answering questions himself. (ECF No. 48, pageID.309-10.) Defendants request that if discovery is extended and Plaintiff is given another chance to "sit for his deposition via Zoom, it is paramount that he understands, he cannot have someone else providing the information." (ECF No. 48, PageID.310.)

### B. Legal Standard

Under Fed. R. Civ. P. 37(d)(1)(A)(i), a court may impose sanctions for a party's failure to attend his or her own deposition. Potential sanctions include; "(i)directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii)striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action in whole or in part; (vi) rendering a default judgment against a disobedient party." Fed. R. Civ. P. 37(d)((3) incorporating Fed. R Civ. P.

3

37(b)(2)(A). In making the decision as to whether to order a sanction dismissing a case, courts should consider the following factors that are also applied to 41(b) dismissals: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Resch v. Lambert*, 2023 WL 8917686, at *1-2 (W.D. Mich. Dec. 27, 2023), citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

### C. Analysis

In the instant case, Plaintiff has asserted that he is not acting out of bad faith, that he is willing to participate but that other impediments, such as mental and physical health issues, have made it difficult to do so. He now indicates that he can participate in depositions via Zoom and is willing to do so. Although Defendants have suffered some prejudice, extending discovery to allow for Plaintiff's deposition is an important part of the defense case, so absent dismissal, extending discovery and allowing Plaintiff's deposition to proceed would lessen the prejudice to Defendants. Plaintiff was not clearly warned that a failure to participate in his deposition could lead to dismissal, although that is not always required where bad faith is shown. *Resch v. Rink*, No. 2:21-cv-277, at *2 (W.D. Mich. Oct. 26, 2023)

adopted 2023 WL 8020905 (W.D> Mich. Nov. 20, 2023). Here, since bad faith has not been clearly established, I recommend that all the factors are in favor of denying the Defendants' motion to dismiss.

If this recommendation is adopted, it is also suggested that the Court:

*extend discovery to allow Plaintiff's deposition to be taken

* warn Plaintiff that any further failures to participate in his case, including failing to attend his deposition, could result in his case being dismissed, and

*admonish Plaintiff to answer any discovery, including deposition questions, truthfully and from his own knowledge and not based on any other person's help or advice.

### D. Conclusion

For the reasons set forth above, **I RECOMMEND that the motion to dismiss (ECF No. 43) be DENIED and that Plaintiff's motion to compel (ECF No. 45) be denied for the same reasons outlined in Defendants' response (ECF No. 46) and this Court's previous order, i.e., ECF No. 42.**

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 25, 2024                                                S/ PATRICIA T. MORRIS
                                                                                    Patricia T. Morris
                                                                                    United States Magistrate Judge