UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARTER,

        Plaintiff,

v.

JASON QUAINTON and
BRIAN ENRICI,

        Defendant.
_____/

Case No. 2:22-cv-12750

Honorable Susan K. DeClercq
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, ECF No. 50; (2) ADOPTING REPORT AND RECOMMENDATION, ECF No. 49; (3) DENYING DEFENDANTS' MOTION TO DISMISS, ECF No. 43; (4) DENYING PLAINTIFF'S MOTION TO COMPEL, ECF No. 45; (5) DIRECTING MAGISTRATE JUDGE TO ISSUE NEW SCHEDULING ORDER DISCOVERY DEADLINE; (6) DIRECTING PLAINTIFF TO COMPLETE DISCOVERY; AND (7) NOTICING PLAINTIFF THAT ANY ADDITIONAL DISCOVERY VIOLATION WILL RESULT IN DISMISSAL FOR FAILURE TO PROSECUTE**

      In this dispute, Plaintiff Robert Carter, once confined by the State of Michigan, now finds himself entangled in the gears of the federal judiciary, asserting that the defendants sabotaged his chance for parole by feeding the board falsehoods about his supposed gang affiliations. The magistrate judge, after weighing the motions and the obstructed path of discovery, recommended a path forward that denies dismissal and compulsion but extends discovery—a balanced yet stern directive urging Plaintiff's cooperation. This Court, after a thorough and measured

review, concurs with the magistrate's reasoned approach, ready to uphold the recommendation and to warn Plaintiff of the peril of further noncompliance.

## I.

On November 14, 2022, Plaintiff Robert Carter, former Michigan inmate, commenced this *pro se* civil-rights lawsuit under 42 U.S.C. § 1983 against Defendants Jason Quainton, Brian Enrici, Timothy S. Flanagan, and Sonia Warchock. ECF No. 1. His remaining claims are retaliation under the First Amendment due process-violations under the Fourteenth Amendment, and negligence based on allegations that Defendants provided the parole board with false information about his alleged gang involvement, preventing parole. *See id.*

Defendants tried to depose Plaintiff, but he refused, so Defendants filed a motion to dismiss for failure to prosecute. ECF No. 43. Plaintiff filed a motion to compel discovery. ECF No. 45.

In June 2024, Magistrate Judge Patricia T. Morris issued a report recommending Defendants' motion to dismiss be denied, Plaintiff's motion to compel be denied, discovery be extended so Defendants can depose Plaintiff, Plaintiff be directed to comply with discovery requests, and Plaintiff be notified that any additional discovery violations will result in the dismissal of his case for failure to prosecute. ECF No. 49.

Plaintiff objects to the recommendation. ECF No. 50. Although Judge Morris provided both parties 14 days to object, Defendants did not do so and have therefore forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

This Court has reviewed Plaintiffs' complaint, ECF No. 1, Defendants' answer, ECF No. 24, Defendants' motion to dismiss, ECF No. 43, and the accompanying response and reply, ECF Nos. 47; 48, Plaintiff's motion to compel, ECF No. 45, and the accompanying response, ECF No. 46, Judge Morris's report and recommendation to deny both motions, ECF No. 49, Plaintiff's objections, ECF No. 50, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Morris's factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Morris's findings or recommendations (1) to deny Defendants' motion to dismiss, (2) to deny Plaintiff's motion to compel, (3) to extend discovery to facilitate Defendants' deposition of Plaintiff, (4) to direct Plaintiff to complete discovery, and (5) to inform Plaintiff that any additional discovery violation will result in the dismissal of his complaint under Civil Rule 41(b) for failure to prosecute.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 50, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 49, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 43, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion to Compel, ECF No. 45, is **DENIED**.

Further it is **ORDERED** that Discovery is **EXTENDED**.

Further, it is **ORDERED** that the Magistrate Judge is **DIRECTED** to issue a new scheduling order.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to complete discovery as soon as practicable and before the deadline set by the Magistrate Judge.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to subject himself to be deposed by Defendants.

Further, it is **ORDERED** that Plaintiff is **NOTIFIED** that any additional discovery violation *will* result in the dismissal of his complaint with prejudice under Civil Rule 41(b) for failure to prosecute.

**This order does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 7/18/2024