UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CARTER, | Case No. 2:22-cv-12750 |
| *Plaintiff*, | Susan K. DeClerq |
| v. | United States District Judge |
| JASON QUAINTON, | Patricia T. Morris |
| and BRIAN ENRICI, | United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

**ORDER**
**DENYING MOTION TO COMPEL (ECF No. 55)**
**AND**
**REQUIRING DEFENSE COUNSEL TO FILE CERTIFICATION**

**I.   INTRODUCTION**

This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff Joseph Carter, a former prisoner of the Michigan Department of Corrections ("MDOC"), filed a complaint alleging that prison officials violated his rights under various state and federal laws.  (ECF No. 1).  Before the Court is Carter's September 24, 2024 motion to compel (ECF No. 55), which concerns discovery requests that have already been considered by the Court.  For the reasons set forth below, this motion will be **DENIED**.

**II.   BACKGROUND**

1

The discovery requests at issue were first brought to the Court's attention in July 2023, when Carter filed a set of discovery requests addressed to each Defendant. (ECF No. 17). Relevant here, Carter sought a video or audio recording of his September 2021 parole board hearing in addition to the names of all inmates who were reviewed by the parole board on the same day. (ECF No. 17, PageID.74–75). Carter did not "request" any "relief from the Court." (ECF No. 32, PageID.182).

The Court entered an Order explaining that because Carter did not request an order compelling Defendants to provide discovery materials or any other action from the Court, he had not filed a "motion" that could be granted or denied. (*See id.* at PageID.182–83). Because "discovery requests and responses are only exchanged between the parties," the Court explained, "parties are not required to submit or file discovery requests or responses to the Court unless they are seeking relief from the Court." (*Id.* at PageID.183).

However, before the Court entered that Order, Carter mailed his discovery requests directly to Defendants. (ECF No. 39, PageID.220; ECF No. 41-2, PageID.233). Defendants responded to his requests in September 2023. (ECF No. 41-3, PageID.236).

Carter was not satisfied with Defendants' responses. Yet he waited until May 1, 2024—just under a month before the discovery deadline—to file a motion to compel. (ECF No. 39, PageID.222). Carter asserted that Defendants did not supply

a video or audio recording of his parole hearing, nor did they identify the inmates also reviewed by the parole board on the same date. (*Id.* at PageID.220–21). Although Carter had already filed his discovery requests (ECF No. 17), he neither described nor recited Defendants' responses or objections to his requests. (ECF No. 39). For that reason, the Court denied Carter's motion without prejudice, explaining that it could not consider granting his motion without first reviewing Defendants' responses or objections. (ECF No. 42).

About a month later, on May 30, 2024, Carter filed a renewed motion to compel. (ECF No. 45). It was recommended on June 25, 2024, that this motion be denied for the same reasons set forth in the Court's prior order. (ECF No. 49). This recommendation was adopted on July 18, 2024. (ECF No. 52, PageID.330).

### III.  INSTANT MOTION

Carter filed the instant motion on September 30, 2024. (ECF No. 55). This time, he provided the Court with Defendant Jason Quainton's responses to the relevant discovery requests. (*Id.* at PageID.342–43). Quainton stated that he that he was unable to produce the names of the other inmates on his case load for the same day as Carter's parole board interview. Quainton explained: "After making a reasonable inquiry of the MDOC and the Parole Board, [Quainton] has not been able to obtain any records with the requested information. At this time, there are no documents to produce. This response will be supplemented if responsive records

3

are found." (*Id.* at PageID.343). Quainton also explained that he was unable to produce a recording of Carter's parole board interview because "[t]he MDOC does not record parole board interviews." (*Id.*).

In response to the instant motion, Quainton argues that the motion should be denied because (1) it is untimely and (2) Quainton cannot produce discovery that does not exist. (ECF No. 56). The second is reason enough to deny Carter's motion.

"The Court 'cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that *do not exist* or are not in his possession, custody or control.' " *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021) (quoting *Roden v. Floyd*, No. 2:16-cv-11208, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019)) (emphasis added). Here, it either appears that there are not any responsive documents or recordings or that Defendants do not have possession of such. Nonetheless, given the reoccurring issues surrounding these discovery requests, the Court will order defense counsel to file a certification on the docket. If the certification is later found to be improper, counsel "may face sanctions." *Id.* at 638 (citing Fed. R. Civ. P. 26(g)).

IV.   **CONCLUSION**

For the reasons explained above, Carter's motion to compel (ECF No. 55) is **DENIED. Defense counsel is ORDERED to file a certification on the docket**

4

within seven days of entry of this Order stating that either no responsive materials to the discovery requests at issue exist or are in their possession.

**IT IS SO ORDERED.**

Date: October 16, 2024                    S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge